IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PAUL KIM** on behalf of himself and all other Plaintiffs similarly situated known and unknown, <br><br>　　　　　　Plaintiff, <br>　v. <br><br>**CENTER FOR SENIORS**, an Illinois Non-profit organization, **YOUNG HA**, individually, and **JAE KWAN HA**, individually, <br><br>　　　　　　Defendants. | Case No. 18-cv-7660 <br><br> Judge <br><br><br> Jury Demand |

## COMPLAINT

Plaintiff, PAUL KIM ("Kim", "Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated known and unknown, through his attorneys, for his Complaint against CENTER FOR SENIORS, an Illinois Non-Profit Organization, JAE KWAN HA, Individually, and YOUNG HA, Individually, ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.　　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay overtime wages to Plaintiff. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional. Plaintiff's Consent Form to be Representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

1

## THE PARTIES

2. Plaintiff was at all times relevant hereto employee of Defendants.

3. Plaintiff was at all times relevant hereto individual employed in the State of Illinois by Defendants.

4. Plaintiff was at all times relevant hereto resided in the State of Illinois.

5. Plaintiff was at all times relevant hereto non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as an individual action for himself and all other similarly situated, known and unknown.

7. For the period commencing on or about July 11, 2016, until October 12, 2018, Plaintiff Paul Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants about 10-12 hours per day 5 days per week.

8. Plaintiff submitted his timesheets every day and Defendants paid him on monthly basis.

9. Defendants paid Plaintiff a fixed amount per month regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

10. During his employment for Defendants, Plaintiff regularly started his work around 6:30 a.m. He ended his work around 4:30~5 p.m. or 6 p.m. from Monday through Friday. He regularly worked more than 10~12 hours per day for 5 days per week.

11. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff all the hours plaintiff worked.

12. Plaintiff was assigned to the said manual labor by Defendants.

13. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

14. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

15. Plaintiff was required to report to work for Defendants at a certain time.

16. Plaintiff could not set his own hours of work for Defendants.

17. Defendants, Jae Kwan Ha and Young Ha were at all relevant times hereto engaged in the business of Adult Day Care Service.

18. Defendant, Center For Seniors is and was at all relevant times hereto engaged in the interstate commerce.

19. Defendants, Jae Kwan Ha and Young Ha managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

20. Defendants Jae Kwan Ha and Young Ha participated in and approved of the unlawful pay practices of the Senior Centers at four branches in Chicago, Morton Grove, Schaumburg, and Wheeling, IL.

21. Defendants Jae Kwan Ha and Young Ha were involved in assigning work to Plaintiff.

22. Defendants Jae Kwan Ha and Young Ha had the power and authority to discipline Plaintiff.

23. Defendants Jae Kwan Ha and Young Ha exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

24. Defendants Jae Kwan Ha and Young Ha hired Plaintiff.

25. Defendants Jae Kwan Ha and Young Ha were in charge of paying employees.

26. Defendants Jae Kwan Ha and Young Ha told Plaintiff where to work and when to work.

27. Defendants employed Plaintiff to do work for them in the State of Illinois.

28. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

29. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

30. Defendants held Plaintiff out as an employee.

31. Defendants employed and paid Plaintiff as their employee.

32. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

33. Defendants' failure to properly pay Plaintiff for his overtime wage was intentional and willful.

34. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

35. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

36. No exemption from overtime wage applies or applied to Plaintiff Kim when he worked for Defendants.

37. Defendant Center For Seniors is an Illinois corporation, non-profit organization and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I).

38. Defendant Jae Kwan Ha is a registered agent and one of shareholders of Center For Seniors. He is a citizen and resident of Cook County and was the supervisor of Defendant Center for seniors.

39. Defendant Young Ha is a citizen and a resident of Cook County and is the supervisor of Defendant Center For Seniors.

**JURISDICTION AND VENUE**

40. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

**GENERAL ALLEGATION**

41. Defendant Center For Seniors runs four Senior Centers in Chicago, Morton Grove, Schaumburg and Wheeling, Illinois. The centers provide services to senior citizens such as adult day service, meals, and recreational activities. The center also provides the shuttle service between the center and its customers' home.

42. Defendants hired Plaintiff Kim on about July 11, 2015.

43.     During his employment for Defendants, Plaintiff regularly started his work at 6:00 ~6:30 a.m. He ended his work at 4:30~5 p.m. or 6 p.m. from Monday through Friday. He regularly worked more than 10~12 hours per day for 5 days per week.

44.     During the course of his employment, Plaintiff Kim did all maintenance and repairs of the buildings.

45.     His hourly rate was $14.40, and he submitted his timesheet every day.

46.     Defendants did not pay Kim all hours he worked in his timesheet; they always paid him the fixed amount per month regardless of actual number of hours worked.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

47.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

48.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

49.     From about July 11, 2015, Plaintiff Paul Kim regularly and customarily at the specific instructions and demand of Defendants actually performs work for Defendants in excess of forty (40) hours per actually performed work for Defendants in excess of forty (40) hours per week.

50.     Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

51.     Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount

6

per month regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

52. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

53. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

54. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

55. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

56. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

57. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

58. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

59.     All allegations of the Complaint are expressly incorporated herein and Plaintiff, on behalf of himself and all other Plaintiffs similarly situated known and unknown, repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

60.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

61.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

62.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

63.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

64.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

65.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to

compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

66. Pursuant to 820 ILCS 105/12*(*a), Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

**WHEREFORE**, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated known and unknown, prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Illinois Wage Payment and Collection Act
### Failure to Pay Claims

67. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

68. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

69. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

70. Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

**WHEREFORE**, on behalf of himself and all other Plaintiffs similarly situated known and unknown, the plaintiff prays for judgment in their favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

B. statutory penalties as allowed by the IWPCA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and such further relief as may be fair and just in the premises

### JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: November 19, 2018

        /s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff